# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ORLANDO GARCIA,

                Plaintiff,

      v.

STEVE EDELSON, SONNY ROUEL,
JONATHAN SANDOVAL, JOSUE
ISAIAS MIRANDA JUAREZ, and DOE
DEFENDANTS 1–10,

                Defendants.

Case No. CV 20-01891-MWF (Ex)

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

---

      This matter came for trial before the Court sitting without a jury on October 19–20, 2021.  Following the presentation of argument, the matter was taken under submission.

      Having carefully reviewed the record and the arguments of counsel, as presented at the hearing and in their written submissions, the Court now makes the following findings of fact and reaches the following conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.  Any finding of fact that constitutes a conclusion of law is also hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is also hereby adopted as a finding of fact.

The verdict is returned in favor of Defendants.  Plaintiff's purported intent to return to Defendants' property is not genuine.  Accordingly, Plaintiff lacks Article III standing and cannot pursue relief under the ADA in federal court.

## I.     FINDINGS OF FACT

### A.  The Parties

1.     Plaintiff Orlando Garcia is a California resident who lives in Highland Park, a neighborhood in northeast Los Angeles, California.

2.     Garcia suffers from Cerebral Palsy and is a disabled person under the Americans with Disabilities Act ("ADA").

3.     Garcia uses a motorized wheelchair for mobility.

4.     Garcia travels throughout the Los Angeles area via public transportation.

5.     Garcia earns a living as an "ADA Tester."  In other words, Garcia visits public entities to assess their compliance with access requirements set forth in the ADA. If Garcia determines that a place is not in compliance, he typically files a lawsuit requesting monetary and injunctive relief.

6.     Defendants Steve Edelson and Sonny Rouel own real property located at 2506 W. Pico Blvd., Los Angeles, California.

7.     The real property owned by Defendants is leased to tenants, including tenants that operate a business known as the Nina Religion store.

8.     The Nina Religion store sells candles and various religious items.

### B.  Garcia's travel on January 23, 2020

9.     On January 23, 2020, Garcia traveled roughly one hour, taking both a train and a bus, to the vicinity of the Nina Religion store.

10.     Garcia did not travel to this vicinity with the intent to shop at the Nina Religion store.  Rather, Garcia made the hour-long trip to visit the Pico Outlet, a nearby general outlet store.

1         11.    Garcia's friend, "Frank," recommended that Garcia visit the Pico Outlet.

2  Frank made this recommendation at some point in the 1990s.

3         12.    After receiving this recommendation, Garcia waited roughly 20–30 years

4  before visiting the store.

5         13.    Garcia traveled to the Pico Outlet in search of a certain shade of charcoal

6  gray pants made by the clothing company Dickies.  Garcia used to wear this color pant in

7  the 1970s and 1980s, but at some point in the last 10 years, Dickies discontinued making

8  pants in this specific color.  Garcia thought the Pico Outlet may have excess stock and was

9  hopeful they would carry the certain color gray that he prefers.

10        14.    On his trip, however, Garcia never entered the Pico Outlet because it was

11  non-compliant with ADA standards.  Because of this, Garcia filed a lawsuit against the

12  store.

13        15.    The lawsuit between Garcia and the Pico Outlet settled.  Garcia does not

14  recall the terms of the settlement or when the settlement took place.  Garcia does not know

15  what actions, if any, the settlement required the Pico Outlet to take concerning its ADA

16  compliance.  Garcia has not returned to the Pico Outlet.

17        **C. Garcia's practices as an ADA Tester**

18         16.    Garcia has filed approximately 864 ADA lawsuits in federal court.

19         17.    If a case is pending against a particular store, Garcia will not return to the

20  store until the case is resolved by judgment or by settlement.

21         18.    Garcia does not have a method to track the status of cases where he is the

22  plaintiff.  In other words, Garcia cannot independently verify whether one of his many

23  cases has been resolved or remains pending.

24         19.    Garcia does not maintain any type of log or journal to document the locations

25  that he has visited or when he visited them.

26         20.    Other than gaining information from his attorneys, Garcia has no way to

27  know which stores have corrected their ADA violations unless he personally visits the

28  store.

21.     Garcia intends to relocate to Oakland, CA or San Jose, CA.  He is actively searching with the intent to buy property in either location.

22.     Garcia has filed approximately 50 lawsuits against stores in Oakland, CA for their lack of compliance with ADA standards.

23.     Among the lawsuits filed in Oakland, at least one settled the week before Garcia testified at trial.  However, Garcia could not recall the name of the store or its location.

### D.  Garcia's encounter with the Nina Religion store

24.     After Garcia visited the Pico Outlet, he visited the Nina Religion store with hopes of finding a religious item, such as a candle or picture, that honored Saint Martin de Porres.

25.     Garcia also visited with the intent to check for ADA compliance.

26.     Garcia entered the Nina Religion store but quickly left after it appeared that the aisles were too narrow for him to maneuver his wheelchair.

27.     Garcia did not attempt to speak with anyone inside the store before leaving.

28.     Garcia would like to return to the Nina Religion store to browse around and to check if the alleged violations have been remedied.

29.     Based on the Court's ability to observe Garcia as a witness, and applying the authorities in the Conclusions of Law, the Court **FINDS** as a fact that Garcia's purported desire to return is not genuine, but rather an empty assertion made simply to prevail at this trial.

## II.     CONCLUSIONS OF LAW

As with other civil rights statutes, a plaintiff must demonstrate Article III standing to pursue relief under the ADA in federal court.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc).  To establish Article III standing, a plaintiff must have suffered an injury in fact.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008).

That injury must be both concrete and particularized as well as actual or imminent. *Id*. There must be a causal connection between the injury and conduct complained of; and it must be likely, not speculative, that the injury can be redressed by a favorable decision. *Id*. When seeking injunctive relief under the ADA, "a real and immediate threat of repeated injury" is also required. *Chapman*, 631 F.3d at 946 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

"[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id*. at 950. But a plaintiff "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Id*. at 953. To determine whether a plaintiff has a genuine intent to return, Courts often examine four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Antonio v. Vanareth Kim Yi*, No. 14-04323, 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015) (collecting cases).

Garcia's intent to return to the Nina Religion store is not genuine. This finding is supported by the enumerated factors from *Antonio* and by a similar finding against Garcia in *Garcia v. Alcocer*. *See* 2021 WL 5760300, at *2 (C.D. Cal. Dec. 1, 2021) ("the Court finds that Garcia's demeanor and memory during his testimony undermines the credibility of his intent to return."). Here too, Garcia's intent to return is undermined by his lack of memory concerning the voluminous record of ADA cases to which he is a party, his inability to track which cases have been resolved, and his newly expressed interest in moving to Northern California.

Not a single factor from *Antonio* supports Garcia's intent to return. The first factor – proximity to the Nina Religion store – weighs against Garcia's intent to return because the journey from Garcia's residence to the store takes roughly an hour and involves two different forms of public transportation. Moreover, if Garcia relocates to Northern

California as he intends to do, the Nina Religion store will be hundreds of miles from Garcia. *Antonio*, 2015 WL 13603781, at *2 ("If the plaintiff resides over []one hundred miles away from the place of public accommodation, the distance subverts a professed intent to return.").

The second factor – past patronage – weighs against Garcia's intent to return because Garcia admits that he never visited the Nina Religion store before his trip on January 23, 2020. *Johnson v. MP Quail Chase LLC*, No. CIV S-11-1275 KJM, 2013 WL 85373, at *4 (E.D. Cal. Jan. 8, 2013) (holding that a lack of past patronage "does not support standing."). Garcia testified that the only reason he decided to travel to the vicinity of the Nina Religion store was to visit the Pico Outlet based on a recommendation from his friend Frank, which he received some 20–30 years ago. Ironically, Garcia's memory of this recommendation stands in stark contrast to his lack of memory concerning the details of the lawsuit he filed against the Pico Outlet. Garcia testified that the case against Pico Outlet settled, yet he could not recall the terms of the settlement, when the settlement took place, or what actions the settlement required the Pico Outlet to take concerning its ADA compliance. And even though Garcia knows that the case against Pico Outlet has settled, he has not returned to the store, nor did he express an intent to return through his testimony. *Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005) ("the Court finds that [plaintiff's] litigation history undercuts his credibility and belies an intent to return" because plaintiff's "own track record demonstrates that he rarely returns to the businesses that he sues.").

The third factor – definitiveness of a plan to return – is perhaps the most critical factor weighing against Garcia because his own testimony contradicts any plan to return. Garcia testified that, as a matter of practice as an ADA Tester, if he files a lawsuit against a particular store, he will not return to that store while the case is pending. However, Garcia also testified that he has no independent practice of tracking which of his 864 cases have been settled or otherwise resolved. Therefore, because Garcia refuses to return to a store while a case is pending, but he has no practice of tracking whether any particular

case has been resolved, his plans to return to any store he has sued are necessarily indefinite.

This indefiniteness is underscored by Garcia's claimed interest in relocating to Northern California.  Garcia testified that he is currently looking for property in Oakland or San Jose and is considering a permanent relocation.  Garcia also admitted to already filing approximately 50 ADA lawsuits in the Oakland area.  These lawsuits necessarily support his intent to relocate because, to have standing for relief under the ADA, Garcia must intend to return to the businesses he sued in Oakland.  Even if Garcia's intent to return to Oakland is not genuine, it will not help his cause in this action, as a propensity to file frivolous lawsuits will weigh against any intent to return to the Nina Religion store as well.  *Molski*, 385 F. Supp. 2d at 1046 ("A serial plaintiff's extensive litigation history can undermine his professed intent to return.").

The fourth factor – frequency of travel – also weighs against Garcia's intent to return.  Garcia did not visit the Nina Religion store because he was determined to shop for religious items.  Instead, Garcia was coincidentally in the vicinity of the store because he was searching for a particular color of pants from the Pico Outlet.  Garcia did not testify to any future events, repeating or not, that would increase the likelihood Garcia would travel to this area again.

For these reasons, Garcia's intent to return to the Nina Religion store is not genuine.  Therefore, he lacks standing to pursue his claim.

///
///
///
///
///
///
///
///

-7-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    <u>CONCLUSION</u>

Garcia lacks Article III standing, depriving this Court of jurisdiction to adjudicate his claim.  Accordingly, Garcia's ADA claim is **DISMISSED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 29, 2022.

_____

MICHAEL W. FITZGERALD
United States District Judge

-8-